UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: _____

EXCLUSIVE GROUP HOLDINGS, INC.,

        Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
CO. OF PITTSBURGH, PENNSYLVANIA

and

Doe Corporations 1-7

        Defendants.

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant, National Union Fire Insurance Co. of Pittsburgh, PA ("NUFIC"), by and through its undersigned counsel, hereby removes this action from the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, or, in the alternative, pursuant to *id.* §§ 1331, 1441, and 1446, and supports such removal as follows:

1

1. On or about June 25, 2022, Plaintiff, Exclusive Group Holdings, Inc. ("Exclusive Group"), commenced this civil action against Defendants, NUFIC and Doe Corporations 1-7, in the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida. The matter is captioned EXCLUSIVE GROUP HOLDINGS, INC. v. NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA and Doe Corporations 1-7, Case No. 11-2022-CA-001070-0001-XX (the "State Court Action").

2. On June 30, 2022, Plaintiff served the Chief Financial Officer of the State of Florida with the Summons and Complaint.

3. On July 6, 2022, the Chief Financial Officer of the State of Florida forwarded to NUFIC, via electronic delivery, the Notice of Service of Process, Summons, and Complaint. *See* documents served on NUFIC attached hereto as State Court Complaint **Exhibit "A,"** and Notice of Service of Process, and the Summons included in All State Court Other Documents attached hereto as **Composite Exhibit "C."**

4. Pursuant to section 624.423(2), Florida Statutes, service of process upon an insurer is only valid and binding once it has been transmitted to the insurer by the Florida Chief Financial Officer ("Florida CFO"). *See* § 624.423, Fla. Stat.; (establishing that process served on the Florida CFO and forwarded to the insurer is valid and binding). Although the Florida CFO accepted Service of Process of the Summons and Plaintiff's Complaint on June 30, 2022, the Florida CFO did not forward such process to NUFIC until July 6, 2022. Thus, service of

process on NUFIC was effective, valid, and binding on July 6, 2022. *See* composite **Ex. "C."**

5. Plaintiff describes itself as a "wholesale telecommunications company," organized under the laws of the state of Florida with a principal place of business in Naples, Florida. Complaint ¶¶ 2, 7. NUFIC is an insurance company organized and existing under the laws of the state of Pennsylvania with a principal place of business in the state of New York. Complaint ¶ 10.

6. The State Court Action arises out of NUFIC's proper denial of sixteen insurance claims filed by Plaintiff pursuant to two trade credit insurance policies issued by NUFIC (the "Policies"). Complaint ¶¶ 1-6 & Schedule 1. The aggregate total amount of the sixteen insurance claims equals approximately US$5 million. In the State Court Action, Plaintiff seeks declaratory relief, judgment for breach of contract, and judgment for bad faith against Defendants, alleging, *inter alia*, that "NUFIC has an indemnity obligation" to pay the sixteen claims. Complaint ¶ 110.

7. Plaintiff's allegations in the State Court Action are denied in their entirety, with the exception of those facts further discussed herein that are necessary to the removal of this action. All of NUFIC's rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, *inter alia*, failure to state a claim for relief and failure to sue the appropriate parties. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

8. NUFIC also reserves the right to amend or to supplement this Notice of Removal.

**REMOVAL IS WARRANTED BASED ON DIVERSITY OF CITIZENSHIP**

9. NUFIC may remove this action pursuant to 28 U.S.C. § 1441 on the ground that this Court has original jurisdiction over civil actions between citizens of different States where the amount in controversy exceeds US$75,000. *See* 28 U.S.C. § 1332(a).

10. *First*, there is complete diversity of citizenship among the parties to the State Court Action. As the Complaint alleges, Plaintiff is a citizen of the state of Florida because it has been incorporated under the laws of Florida and has its principal place of business in Florida. *See* 28 U.S.C. § 1332(c)(1); Complaint ¶ 7. NUFIC is a citizen of both the state of Pennsylvania—its state of incorporation—and a citizen of the state of New York—the state where it has its principal place of business. *See id.*; Complaint ¶ 10. The citizenship of Defendant, Doe Corporations 1-7, "shall be disregarded" when "determining whether a civil action is removal on the basis of [diversity] jurisdiction." 28 U.S.C. § 1441(b)(1); *see also New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1, 1097 (11th Cir. 1997) ("[F]ictitious party practice is not permitted in federal court.").[1] Consequently, there is no overlap in citizenship between Plaintiff and Defendants.

---

[1] Even if it were proper at this stage to inquire into the citizenship of the fictitious Doe defendants, upon information and belief, no entity matching Plaintiff's description of the seven Doe defendants—"[corporations] related to Defendant NUFIC [that] may be responsible for the claims management, adjustment of EXCLUSIVE'S trade claims and . . . responsible for wrongfully denying EXCLUSIVE'S trade claims," Complaint ¶ 11—is a citizen of the state of Florida. *See*

4

11. *Second,* the amount in controversy in the State Court Action exceeds $75,000.00. Although Plaintiff does not specify the total amount of damages it seeks in the State Court Action, this Court may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleading to determine . . . whether the face of the complaint establishes the jurisdictional amount." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (internal quotation marks and editing marks omitted). Here, "removability is apparent from the face of the complaint," *id.* at 1061, because, at a minimum, Plaintiff demands contractual damages based on NUFIC's denial of the sixteen insurance claims, totaling approximately US$5 million. *See* Complaint ¶¶ 1-6 & Schedule 1. This amount, exclusive of interest and costs, is well in excess of US$75,000; thus, NUFIC has demonstrated "by the preponderance of the evidence, that the amount in controversy exceeds the [statutory] amount." 28 U.S.C. § 1446(c)(2)(B).

12. For the foregoing reasons, the State Court Action could have been originally filed in this Court. Plaintiff concedes as much in the Complaint, arguing that the Policies provide Plaintiff "with the right to file a lawsuit in a federal or Florida court . . . ." Complaint ¶ 106. Accordingly, the State Court Action may be properly removed to this Court.

---

Complaint ¶¶ 9, 12-18 (listing various "non-party" AIG entities, none of which is a citizen of the state of Florida). Thus, even if the Doe defendants were properly identified and joined as defendants, there would still be complete diversity among the parties to the State Court Action.

PD.38257989.1

## **NUFIC HAS SATIFISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

13. The State Court Action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Middle District of Florida embraces Collier County, Florida, the place where this action is pending. *See* 28 U.S.C. § 89(b).

14. Pursuant to 28 U.S.C. §§ 1446(a) and Local Rule 1.06(b), NUFIC has attached copies of all process, pleadings, motions, and orders currently on file in the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida, in the state court action are attached hereto as State Court Docket **Exhibit "B,"** and all State Court Other Documents **Composite Exhibit "C."**

15. NUFIC was served with the Summons and Complaint on July 6, 2022. Fla. Stat. §§ 624.422-423. Therefore, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

16. NUFIC is the only named Defendant in the State Court Action, and NUFIC need not obtain consent under 28 U.S.C. § 1446(b)(2) from the fictitious co-defendants named in the Complaint. *See, e.g.*, *Laposa v. Walmart Stores E. LP*, No. 220CV182FTM29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020)

6

("John Doe is a fictitious-name defendant who had not been served. Therefore, [the Defendant] was not required to obtain John Doe's consent.").

17. NUFIC will serve on Plaintiff, the only adverse party, written notice of the filing of this Notice and will file a copy of this Notice with the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida.  28 U.S.C. § 1446(d).

## IN THE ALTERNATIVE, REMOVAL IS WARRANTED UNDER 9 U.S.C. § 205

18. In the alternative to removal based on diversity of citizenship, NUFIC may remove this action under 28 U.S.C. § 1441 on the ground that this Court has original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.

19. Under the Federal Arbitration Act ("FAA"), "[a]n action or proceeding falling under the [Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958] shall be deemed to arise under the laws and treaties of the United States," and district courts "shall have original jurisdiction over such an action or proceeding."  9 U.S.C. § 203.  The FAA expressly provides for the removal to federal court "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention."  9 U.S.C. § 205.  As the Complaint describes, the insurance Policies at issue contain a provision that contemplates NUFIC and Exclusive Group would resolve any disputes pursuant to arbitration.  Complaint ¶¶

7

105-108; Exhibit C to Complaint at 91, 120. Accordingly, the State Court Action qualifies for removal pursuant to 9 U.S.C. § 205.

20. The Eleventh Circuit has incorporated the FAA's policy of "broad removability" into "a two-step inquiry" for determining removability under 9 U.S.C. § 205. *Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1323-24 (11th Cir. 2018), *rev'd and remanded on other grounds sub nom. GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 207 L. Ed. 2d 1 (2020). Importantly, "[t]his initial jurisdictional inquiry is distinct from a determination of whether the parties are bound to arbitrate." *Id.* at 1324. In other words, in determining whether removal is warranted under 9 U.S.C. § 205, "the district court need not—and should not—examine whether the arbitration agreement binds the parties before it." *Id.*

21. Step one of the applicable removability analysis asks "whether the notice of removal describes an arbitration agreement that may fall under the Convention." *Id.* (internal quotation marks and editing marks omitted). An arbitration agreement "falls under the Convention" if it satisfies the four-element *Bautista* test:

> [T]he district court . . . asks whether the removing party has articulated a non-frivolous basis (1) that there is an agreement in writing, that is, an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams; (2) that the agreement provides for arbitration in the territory of a signatory of the Convention; (3) that the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) that a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

8

*Id.* (citing *Bautista v. Star Cruises*, 396 F.3d 1289, 1301 (11th Cir. 2005)); *see also* 9 U.S.C. §§ 202.

22. All four elements are satisfied here. First, the Policies' arbitration agreement is "an arbitral clause in a contract . . . signed by the parties." *Outokumpu Stainless*, 902 F.3d at 1324 & Exhibit [C]. Second, "the agreement provides for arbitration in [Florida, which lies within] the territory of [the United States,] a signatory of the [New York] Convention." *Id.* & Exhibit [C]. Third, the agreement arises out of the legal relationship formed by the insurance contract between Exclusive Group and NUFIC, which is commercial in nature. *Id.* & Exhibit [C]. Fourth, the commercial relationship "has some reasonable relation with one or more foreign states." *Id.* Plaintiff describes itself as "a domestic wholesaler of international telecommunications" that sells "long distance minutes . . . allowing for the termination (*i.e.*, connection) of international phone calls." Complaint ¶ 22. Plaintiff further acknowledges that the Policies at issue contemplated Plaintiff's transactions with foreign parties and that Plaintiff sought specific approval to conduct transactions with such foreign parties. Complaint ¶¶ 49, 57-64 & Exhibit G.

23. Step two of the removability analysis asks "whether there is a non-frivolous basis to conclude that [the arbitration] agreement sufficiently 'relates to' the case before the court such that the agreement to arbitrate could conceivably affect the outcome of the case." *Outokumpu Stainless*, 902 F.3d at 1324. That broad condition is satisfied here. The arbitration agreement covers "any dispute

[that should] arise between [Exclusive] and [NUFIC] under [the] policy." Complaint Exhibit C at Endorsement No. 3, § IX.  Plaintiff's Complaint contains an entire section demonstrating the relatedness of the arbitration agreement to this case.  *See* Complaint ¶¶ 105–108.  Although Exclusive Group now refuses to arbitrate the present coverage dispute pursuant to the arbitration agreement, the Complaint concedes that Exclusive "sent correspondence to NUFIC giving notice of [its] potential plan to invoke [the arbitration] provision in the insurance policy." *Id.* at ¶ 105.

24.    For the foregoing reasons, in addition, and in the alternative to the parties' diversity of citizenship, the State Court Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 9 U.S.C. §§ 202, 203, & 205.

25.    On August 5, 2022, NUFIC filed its Notice of Filing Notice of Removal, Certification of Notice of Removal, and Notice to Counsel of Removal of a Civil Action with the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida, copies of which are attached hereto as composite **Exhibit "D."**

WHEREFORE, NUFIC respectfully gives notice that the above-captioned civil action pending in the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida, is removed to this Court.

Dated this 5th day of August, 2022.

**PHELPS DUNBAR LLP**

/s/ *Catriana N. Messina*
Catriana N. Messina, Fla. Bar No. 115534
catriana.messina@phelps.com
100 South Ashley Drive • Suite 2000
Tampa, Florida 33602-5311
(813) 472-7550
(813) 472-7570 (FAX)
*Counsel for Defendant, National Union Fire Insurance Co. of Pittsburgh Pennsylvania*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2022, a true and correct copy of the foregoing Notice of Removal, and exhibits thereto, was filed with the Clerk of the Court by using the CM/ECF system. I further certify that the foregoing Notice of Removal, and exhibits thereto, was electronically forwarded to all parties on the below Service List.

/s/ *Catriana N. Messina*
Attorney

## SERVICE LIST

Cullin O'Brien, Esq., Fla. Bar No. 0597341
**CULLIN O'BRIEN LAW, P.A.**
6541 NE 21ST Way
Ft. Lauderdale, Florida 33308
Telephone: (561) 676-6370
Fax: (561) 320-0285
cullin@cullinobrienlaw.com
*Counsel for Plaintiff, Exclusive Group Holdings, Inc.*